MAURICE MOSES ET AL. v. FRANK KRAUSS.

[44 South., 162.]

CHANCERY PLEADING AND PRACTICE. *Parties. Partition. Partnership accounting.*

In a suit for partition of lands, formerly belonging to complainant and a third person as partners, and for an accounting of the partnership affairs so that the sum due complainant arising therefrom may be charged upon defendant's interest in the lands, the former partner is a necessary party to the suit, although before suit begun he conveyed his entire interest in the lands to defendants and complainant sold to him all the partnership property except the lands.

FROM the chancery court of Jefferson county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Krauss, appellee, was complainant in the court below; Moses and others, appellants, were defendants there. From a decree in complainant's favor defendants appealed to the supreme court.

The bill showed that complainant, Krauss, and one Simon were formerly partners and that the copartnership owned the lands in controversy; that at its dissolution complainant sold his interest in all the partnership property except the lands to Simon; that Simon conveyed his one-half interest in the lands to a trustee for the appellants, Maurice and Clara Moses, and the trustee had afterwards conveyed the said half interest to appellants; that whatever rights appellants had to the lands, they acquired the same with full knowledge of complainant's rights; that Simon, complainant's former partner, was indebted to complainant on account of the partnership affairs. The prayer of the bill was for an accounting to ascertain the extent of Simon's indebtedness to complainant and for a partition of the lands, charging the indebtedness on defendant's interest.

·Simon, former partner of complainant, was not made a party to the suit.

*Claude Pintard,* for appellants.

Complainant's bill is defective, because Simon, a necessary party to the suit, was not joined as a defendant. The issues involved concerned partnership property. Accounting is asked because of the former existence of the partnership. There could certainly be no decree rendered as to any of the partnership matters, which would in any way be binding, unless Simon should be a party to the proceedings. The principle is elementary, that there can be no legal accounting between partners, except by a bill for dissolution of the partnership and an accounting, or a bill for an accounting without prayer for dissolution, and in either case, all partners must be parties to the suit, either as complainants or defendants.

*Corban & Easterling,* for appellee.

The only question presented in this cause is one of law. The appellants, having failed to introduce any proof in support of their contentions, cannot escape the legal conclusion of facts testified to, and shown by their answer to the cross-bill.

The law of this case we think is well settled. Tiedeman on Real Property, secs. 245, 246; Tiffany on The Modern Law of Real Property, p. 167. Code 1892, § 3101, brought forward as Code 1906, § 3525, gives the court of equity full power to cancel all controverted titles, and to settle all equities in partition suits; and Code 1892, §§ 500, 501, brought forward as Code 1906, §§ 550, 551, gives the court of equity full power to cancel all deeds and encumbrances, and to settle all equities between parties in bills to confirm titles. Hence, the contention of learned counsel for appellants, that in this case it is here improper to enforce the equitable lien of appellee against the undivided one-half interest, formerly belonging to Simon, in the lands, under the alleged claim that

this is a matter to be adjudicated between appellee and Simon, not a party to this suit, is erroneous. It is a complete answer to such contention to say, that inasmuch as Simon mortgaged to appellants his interest in the lands, and they by foreclosure have become owners of such interest, with full notice of the interest of appellee in the lands, and Simon was thereby divested of all interest therein, appellants took the same, so far as appellee is concerned, subject to the same equities as existed between appellee and Simon before the execution and foreclosure of the deed of trust; and it would have been a misjoinder and error to have made Simon a party to the suit.

WHITFIELD, C. J., delivered the opinion of the court.

Simon was a necessary party to the suit. No decree could have been properly rendered as to the partnership matters, in any view of them, without his being a party.

*The decree is reversed, and cause remanded, with leave to both sides to amend their pleadings as they may be advised.*